UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE TREASURER,

       Plaintiff,                CIVIL ACTION NO. 10-11863

       v.                          DISTRICT JUDGE JOHN CORBETT O'MEARA

GEORGE KIRKLAND and        MAGISTRATE JUDGE MARK A. RANDON
BANK OF AMERICA,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
MICHIGAN DEPARTMENT OF TREASURY'S MOTION TO
DISMISS (DKT. NO. 6) AND DENY DEFENDANT KIRKLAND'S
MOTION TO CONTINUE REMOVAL (DKT. NO. 9)**

**I. INTRODUCTION**

In this action removed from state court, Defendant George Kirkland, a Michigan prisoner[1] proceeding *pro se*, seeks to challenge a Michigan court's final order, which required that certain of his assets be distributed to the State of Michigan as partial reimbursement for the cost of his incarceration. Defendant removed the case to federal court several months after the final order of the state court was entered and all of the required payments had been made. Defendant asserts federal jurisdiction on the basis of the Employee Retirement Income and Security Act ("ERISA") and seeks recovery of the dispersed funds.

---

[1] The Michigan Offender Tracking System ("OTIS") indicates that Defendant was paroled in June of 2010; however, he has not filed a change of address from the Mound Correctional Facility.

- 1 -

Presently before the Court is the Plaintiff Michigan Department of Treasury's ("the State Treasurer") motion to dismiss this action for lack of federal subject matter jurisdiction. (Dkt. No. 6) The matter was referred to the undersigned for all pretrial matters and has been fully briefed. (Dkt. Nos. 6, 9)[2] For the reasons set forth below, the undersigned finds that because the *Rooker-Feldman* doctrine applies, this Court is jurisdictionally barred from hearing this case. Therefore, **IT IS RECOMMENDED** that the State Treasurer's motion to dismiss be **GRANTED** and Defendant's action removing the underlying closed state court case to this Court be **DISMISSED**.

## II. FACTS

The facts of this case are largely undisputed. On June 29, 2009, the State Treasurer filed the underlying case in the State of Michigan ("the State") Macomb County Circuit Court to recover the cost of incarceration of Defendant, a State inmate, pursuant to the State Correctional Facility Reimbursement Act ("SCFRA"), M.C.L. 800.401 *et seq*. The action was filed after the State became aware that Defendant was receiving pension payments from General Motors Corporation ("GM") and that these payments were allegedly being electronically deposited into his checking account with Bank of America. The State Treasurer also claimed Defendant had a savings account and two certificates of deposit with Bank of America for a total amount of about $58,955. On July 6, 2009, the Macomb County Circuit Court entered an *ex parte* order freezing Defendant's assets with Bank of America and Defendant's prison account under the authority granted by SCFRA, M.C.L. 400.404a(1).

---

[2] Defendant's motion to continue the removal of his state case to federal court (Dkt. No. 9) is actually not a motion but rather is Defendant's response to the State Treasurer's motion to dismiss.

At some point while the matter was still pending, Defendant's mother – who held Power of Attorney over Defendant's bank accounts pursuant to a notarized document that Defendant signed and dated July 27, 2009 – entered into settlement negotiations with the State Treasurer. A settlement was reached on December 14, 2009. Under the terms of the settlement agreement, $17,500 from Defendant's accounts with Bank of America was to be paid to the State as reimbursement for his cost of incarceration, with the balance in the account to be released to Defendant. Defendant maintains that the Michigan Attorney General's Office improperly negotiated this settlement with his "80-year-old disabled mother, who is somewhat incapacitated," and that he had cancelled the Power of Attorney authorizing her to act on his behalf – effective November 20, 2009.[3] (Dkt. No. 9. pp. 2-3) The state court's final order was entered on December 22, 2009. (Dkt. No. 6, Ex. 5)

Four months after being provided a copy of the state court's final order, via a letter from the Michigan Attorney General's Office dated January 4, 2010 – and after all ordered payments had been made – Plaintiff removed the closed state court action to this Court, on May 7, 2010. Defendant articulates the basis for removal as follows:

> The grounds for removal are my assets are protected by ERISA. . . And the State of Michigan does not recognize ERISA. *I am requesting removal so I can recover confiscated funds from my certificates of deposits at Bank of America.*

(Emphasis added). Presumably, Defendant is referring to the monies from his GM pension.[4]

---

[3] Defendant further claims that, at the time, he did not have an open checking or savings account, but rather two Certificates of Deposit totaling approximately $52,000.00. *Id.*

[4] Defendant has not disclosed what portion of his total assets derived from his GM pension.

## III. ANALYSIS

### A. Standard of Review

The State Treasurer moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of federal subject matter jurisdiction. A Rule 12(b)(1) motion can attack either the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). Facial attacks, such as the one here, question the sufficiency of the pleading. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Review of such a motion must take the allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. *Id*. However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### B. Jurisdiction is barred by the Rooker-Feldman doctrine

While the State Treasurer offers five grounds on which this matter must be dismissed for lack of subject matter jurisdiction, the most persuasive is that this Court does not have jurisdiction to review the final order of the state court under the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine precludes a federal district court from exercising appellate jurisdiction over state-court judgments. *Tropf v. Fidelity National Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine bars two categories of claims: (1) those that allege some injury arising directly from state court judgments, and (2) those

that allege an injury predating the state-court's judgments but which are still "inextricably intertwined" with state-court judgments. *Howard v. Whitbeck*, 382 F.3d 633 (6th Cir. 2004). To determine whether a claim is in the first category, federal courts look to the nature of the relief demanded and the particular injury alleged. *Howard*, 382 F.3d at 639. As to the second category, the federal courts should ask whether the injury alleged resulted from the state court judgment itself or is distinct from that judgment. *Howard*, 382 F.3d at 639, citing *Hutcherson v. Lauderdale County*, 326 F.3d 747, 755 (6th Cir. 2003).

In *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, the United States Supreme Court concluded that the lower federal courts have at times interpreted the *Rooker-Feldman* doctrine to extend far beyond the contours of the *Rooker* and *Feldma*n cases. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283 (2005). *Exxon*'s holding confines the application of the doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*.

The instant action is just such a case. Defendant must be considered a state court loser – even though the final state court order was based on a settlement agreement purportedly made on his behalf – because he is challenging the state court order as improper. Defendant complains of pecuniary losses resulting directly from this order, but instead of moving to set it aside in state court or filing for state appellate court review, he seeks federal court intervention to obtain recovery of funds already dispersed pursuant to the state court order. Such relief from this Court cannot be granted without reviewing, reversing and/or enjoining the state court order implicitly finding that Defendant's mother could properly act on Defendant's behalf and expressly finding: that Defendant's

assets are subject to SCFRA; that funds have been expended for the costs of Defendant's care while incarcerated; and that a portion of Defendant's assets should be dispersed to the State of Michigan. Defendant's claims are, therefore, barred by the *Rooker-Feldman* doctrine.[5]

Finally, it should be noted that the Sixth Circuit has held that the *Rooker-Feldman* doctrine does not bar the federal courts from hearing general challenges that SCFRA violates ERISA and the Supremacy Clause. *See Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2006).[6] *However*, where, as here, the only *injury* claimed is the particular execution of the state court order dispersing assets pursuant to SCFRA, the challenge is actually to the SCFRA judgment and is barred by the *Rooker-Feldman* doctrine. *Id*. at 329. As such, this Court lacks jurisdiction and this federal court case must be dismissed.

## IV. CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that the State Treasurer's motion to dismiss be **GRANTED** and Defendant's action removing the underlying closed state court case to this Court be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*,

---

[5] The State Treasurer's remaining arguments are well-taken and serve as additional reasons to dismiss the instant action. However, detailed analysis of these alternate grounds is unnecessary because of the clear application of *Rooker-Feldman*.

[6] This decision is in conflict with the Michigan Supreme Court's decision in *State Treasurer v. Abbott*, 468 Mich. 143, 660 N.W.2d 714 (Mich. 2003) (SCFRA order does not violate ERISA).

932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon<br>
MARK A. RANDON<br>
UNITED STATES MAGISTRATE JUDGE

Dated: December 7, 2010

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, December 7, 2010, by electronic and/or first class U.S. mail.*

s/Melody R. Miles<br>
*Case Manager to Magistrate Judge Mark A. Randon*

Copies mailed to:

> **George Kirkland**
> *566432*
> *P O Box 36165*
> *Grosse Pointe, MI 48236*